UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

    Plaintiff,

v.

SECURITY CREDIT UNION,

    Defendant.

Case No. 25-cv-13164

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND MOTION TO AMEND COMPLAINT AND DISMISSING THE THIRD AMENDED COMPLAINT**

Before the Court is *pro se* Plaintiff Brandon Tyrone Palmer's application to proceed *in forma pauperis* (ECF No. 2) and motion for leave to file his third amended complaint (ECF No. 8). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, (2) grant Palmer's motion for leave to file the third amended complaint, and (3) dismiss the third amended complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Palmer's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Palmer to prepay the filing fee.

The Court will also grant Palmer's motion for leave to file his third amended complaint. Palmer's motion comes after he filed his first amended complaint (ECF No. 4) as a matter of course, see Fed. R. Civ. P. 15(a)(1)(A), and his second amended complaint (ECF No. 7) without the Court's leave as required under Rule 15(a)(2). Palmer subsequently moved for leave to file a third amended complaint. (ECF No. 8). He filed his third amended complaint on the docket as ECF No. 9 in conjunction with his motion. Because Palmer proceeds *pro se*, the Court will excuse his failure to comply with some of the typical amendment rules. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* plaintiffs are held to "less stringent standards").

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave [to amend] when justice so requires." Here, justice requires amendment. Palmer argued that the third amended complaint includes exhibits "material to [Palmer's] claims and necessary for a complete and fair determination of the issues." (ECF No. 8, PageID.50). Palmer apparently omitted these exhibits inadvertently from earlier versions of the complaint. (*Id.*). By allowing amendment, the Court can consider fully the merits of the complaint alongside all of the facts Palmer deems necessary as contained in the exhibits. Plus, there is no prejudice to Defendant

2

Security Credit Union in granting the motion. Palmer filed his motion for leave to amend only two weeks after his initial complaint, and before Security Credit Union was even served. In granting Palmer's motion, the Court will recognize the third amended complaint (ECF No. 9) as the operative complaint.

But the Court will ultimately dismiss Palmer's third amended complaint for failure to state a claim. In doing so, the Court recognizes that *pro se* complaints must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327–28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th

3

Cir. 2011) (cleaned up). Here, Palmer brought his claim under 12 U.S.C. § 5565. (ECF No. 9, PageID.55). But § 5565 does not establish a cause of action. Instead, the statute sets forth the relief available for violations of a consumer financial law. *See* § 5565(a)(1). So § 5565 is not a proper basis to state a claim.

Although courts should construe *pro se* complaints liberally, the Court cannot discern a viable cause of action from Palmer's third amended complaint. And "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 Fed. App'x 975, 977 (6th Cir. 2012). Accordingly, the Court may not interpret Palmer's third amended complaint to essentially craft arguments for him. Without a claim for relief, Palmer's complaint cannot survive. The Court will therefore dismiss the third amended complaint without prejudice.

\* \* \*

For the reasons given, the Court ORDERS that the Palmer's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that Palmer's motion for leave to amend the complaint (ECF No. 8) is GRANTED.

The Court further ORDERS that the third amended complaint (ECF No. 9) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: October 28, 2025                      s/Robert J. White
                                                              Robert J. White
                                                              United States District Judge