UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

     Plaintiff,

v.

SECURITY CREDIT UNION,

     Defendant.

Case No. 25-cv-13164

Honorable Robert J. White

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (ECF No. 13)**

---

Plaintiff Brandon Tyrone Palmer moved for reconsideration of the Court's order dismissing his Third Amended Complaint (3AC). (ECF No. 13).  Palmer claimed that the Court "overlooked sufficient factual allegations supporting [Palmer's] claims for unjust enrichment and violation of the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5565" when it dismissed the 3AC. (*Id.* at PageID.129).  Palmer also moved for leave to file a Fourth Amended Complaint (4AC). (*Id.* at PageID.129–30).  For the reasons that follow, the Court will deny both motions.

To start, the local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead,

"[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." *Id.*  Because Palmer proceeds pro se, the Court will construe his motion as filed under either Rule 59(e) or Rule 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that plaintiffs proceeding pro se are held to "less stringent standards").  Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Since Palmer did not base his motion on any of these criteria, the Court finds that Rule 59(e) is not an appropriate avenue for relief.

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect," among other reasons. Fed. R. Civ. P. 60(b)(1).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Here, the Court will construe Palmer's motion as made under Rule 60(b)(1). Namely, the Court made a mistake when it overlooked facts in his 3AC that established his claims for unjust enrichment and violations of 12 U.S.C. § 5565. (ECF No. 13, PageID.129).

As an initial matter, and as the Court explained in its dismissal order, § 5565 does not establish an independent cause of action. (ECF No. 10, PageID.89–90). Instead, it sets forth the relief available for a violation of consumer financial law. (*Id.*).  So only Palmer's unjust enrichment claim could proceed, if supported by the factual allegations. (ECF No. 13, PageID.129).

But after reviewing the facts in the 3AC again, the Court is unable to discern a viable unjust enrichment claim.  To state a claim for unjust enrichment, a plaintiff "must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (2006).  Palmer alleged that Defendant Security Credit Union (SCU) "is still getting payed [sic] from plaintiff secured collateral and application while plaintiff is receiving nothing in return." (ECF No. 9, PageID.56).  That is, Palmer "gave Defendant a secured collateral" for a credit application that SCU has unjustly retained the benefits of. (*Id.*).  It is not clear from the facts, however, that what seemingly occurred gives rise to a claim.  At least, the Court cannot infer from the allegations and supporting documentation that SCU received a benefit, or that said benefit was unjustly retained, or even retained at all.  Specifically, Palmer did not elaborate on what the secured collateral was, nor did he explain how SCU could still

3

receive payment from the secured collateral and his loan application after it denied the application.

Given the context clues in the complaint, the Court can infer that the secured collateral might be a car.  For example, Palmer alleged he was "deprived of the benefit of his collateral" and "forced to rely on public transportation to get to work." (*Id.* at PageID.60).  Likewise, SCU's denial form also listed a "Vehicle" as the "Account, Transaction, or Requested Credit." (*Id.* at PageID.62).  Even if the Court makes that inference, however, it still cannot connect the alleged harm, unjust enrichment, to any action by SCU.  That is, Palmer offered only conclusory statements that SCU continued to benefit from his secured collateral without any specifics. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (holding failure to plead sufficient facts subjects complaint to dismissal).  And overall, it seems that Palmer's real issue with SCU is the fact that SCU denied his loan application.  Considering all of the above, Palmer's complaint cannot survive. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant . . . it has limits.").  The Court did not err, then, in dismissing the 3AC.

Palmer's proposed amended complaint is also futile.  Courts should freely grant leave to amend a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), but a court need do so if an amendment would be futile. *Miller v. Calhoun Cnty.*, 408

F.3d 803, 817 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Here, the 4AC submitted on the docket suffers from the same deficiencies as the 3AC. Palmer added a few allegations, but those allegations merely set forth the elements of an unjust enrichment claim, (ECF No. 12, PageID.102). *See Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007) (holding "formulaic recitation of the elements of a cause of action" insufficient to state a claim). Otherwise, Palmer presented no new facts to support his allegation that SCU was unjustly enriched at his expense, or that he is somehow entitled to relief under 12 U.S.C. § 5565. Because the 4AC would not survive a motion to dismiss, the Court will deny Palmer's motion to amend.

* * *

The Court **ORDERS** that Palmer's motion for reconsideration and for leave to file fourth amended complaint (ECF No. 13) is **DENIED**.

Dated: May 21, 2026                    s/Robert J. White_____
                                       Robert J. White
                                       United States District Judge

5